The first idea that occurred, upon reading the pleadings in this cause, was the singularity of the circumstance of finding two citizens of another State before this court, upon a contract made in their own State, Upon this ground alone I should be strongly inclined to think that we ought not to take cognizance of it. *Page 77 
This bill was filed before the Act of 1801, c. 6, the sixteenth section of which, as relating to the Court of Equity, states, "that after the answer filed, and no plea in abatement to the local jurisdiction of the Court, no exception for want of such jurisdiction shall ever afterwards be made."
This bill is for discovery respecting the breach of a covenant, and seeks relief upon such discovery.
Bills may be for discovery alone, intending to use the discovery as evidence at law, or may be for discovery and relief.
The nature of the case disclosed in the bill necessarily makes the discovery the principal object of the bill, and relief its dependent. Breach of covenant is properly triable at law, and as to the first part of the bill, or that respecting the article of agreement, it is nothing more.
The obligee, however, had a right to come into this court for a discovery of any matter which rested in the knowledge of the defendant only, respecting such covenant; and, if a sufficient discovery was made, this court-having jurisdiction of the principal ground, its incident (in this case), relief, would follow. But if the plaintiff fail in the discovery sought, when that is the ground of equity, as it is here, its incident, or inquiry, as to damages must fail. To proceed, when discovery fails, and the relief is proper for a court of law only, it would be converting this court at once into a court of law, and obliterating one of the principal lines of distinction between the two courts.
Nothing could be easier than for a complainant in any case of contracts, properly triable at law, to state a case for discovery, so as to give this court jurisdiction. It were immaterial whether such discovery were necessary or even expected, it could easily be suggested, and this court would be compelled to hear proof equally accessible to a court of law, and decree relief.
This cannot be law.
The Court is not concluded from looking into the bill, upon the points embraced by the demurrer, which was overruled.
It appears that the defendant was ordered to answer. The demurrer went to the whole bill, and if *Page 78 
the Court intended it to be conclusive, it would have dismissed the bill. A defendant may insist upon the same thing embraced by an overruled demurrer, in his answer, or ore tenus, at the bar. 2 Atk. 284; 1 Har. Ch. 414.
The case in 1 Atk. 571, and Har. Ch. 351, respecting a plea of dismissal showing matter which was res judicata, does not apply, unless the bill had been dismissed, and a new bill brought, which is not the case.
It has been insisted that the plea of the statute of limitations does not apply to the £ 40 4s. being a trust. The cases collected in 1 Eq. Ca. 304, are adduced in support of this proposition.
The true ground upon which the statute does not operate in cases of trust, seems to be that the possession of the trustee is the possession of the cestui que trust; and, in contemplation of law, the cestui que trust is always in possession by his agent, the trustee, who holds for him.
The very ground upon which the principle rests is, that the trustee does not claim or hold adversely, or for himself.
The cases respecting executors, legacies, and charities, are all referrible to this principle; accounts, current between merchant and merchant are expressly saved by the statute; but, after being settled, are subject to its provisions.
The defendant, in his answer, does not admit that he received the £ 40 4s. in trust; thus received, it was not to be subject to any future disposition of the plaintiff, as in Lady Hollis's case, which showed that, in point of law, she was to have the implied possession, from reserving to herself the control of the money.
No such idea occurs here, and no distinction can be seen between this and other cases, where money or other property has been received.
Upon a view of the whole case, it seems that the bill ought to be dismissed.